WILLIAM J. GEDDES
Nevada Bar No. 6984
KRISTEN R. GEDDES
Nevada Bar No. 9027
THE GEDDES LAW FIRM, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
Phone: (775) 853-9455
Fax: (775) 299-5337
Email: Will@TheGeddesLawFirm.com
Email: Kristen@TheGeddesLawFirm.com
*Attorneys for Plaintiff Michelle McCann*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE McCANN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CINDERLITE TRUCKING CORPORATION, a domestic corporation.<br><br>Defendant. | CASE NO: 3:20-cv-583<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

COMES NOW Plaintiff MICHELLE McCANN, by and through her counsel, William J. Geddes, Esq. and Kristen R. Geddes, Esq. of THE GEDDES LAW FIRM, P.C., and hereby complains of Defendant CINDERLITE TRUCKING CORPORATION as follows.

**I.**

**STATEMENT OF THE CASE**

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964 and Nevada state law. McCANN alleges herein that Defendant subjected McCANN to sexual harassment that created a hostile work environment and retaliated against her when she complained about the harassment. McCANN seeks monetary, equitable, and injunctive relief.

**II.**

**JUISDICTION AND VENUE**

1. The federal claims of this case are maintained pursuant to 28 U.S.C. § 1331. In

1

particular, this case asserts claims, actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3 *et seq.* This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in the U.S. District Court situated in Reno, Nevada, under Local Rule IA 1-6 and 28 U.S.C. § 1391(b) because this Court is located in the "unofficial Northern Division," embracing the City of Carson, Nevada, and because:

(a) Venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claims of the case occurred, or where any defendant resides; and,

(b) The unlawful employment practices were committed in Carson City, Nevada.

## III.
## PARTIES

3. At all relevant times herein, Plaintiff MICHELLE McCANN ("McCANN") was a citizen of the state of Nevada, residing in Carson City, Nevada, and she was employed by Defendant CINDERLITE TRUCKING COPORATION.

4. At all relevant times herein, Defendant CINDERLITE TRUCKING COPORATION ("CINDERLITE") was a domestic corporation doing business in Carson City, Nevada, as a supplier of landscape materials such as sand, gravel, topsoil, bark, boulders and decorative rock, and was Plaintiff's employer, pursuant to Title VII of the Civil Rights act of 1964 (as amended), 42 U.S.C. § 2000, *et seq*.

## IV.
## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

5. McCANN was hired by Defendant CINDERLITE and began work on or around August 14, 2019.

6. McCANN's job consisted of working in two areas of Defendant CINDERLITE's operations: first, McCann worked as a scale operator in the scale house on Wednesdays and Thursdays and ½ day every other Saturday from 7:00 a.m. to 3:30 p.m., where she weighed third-parties' landscape materials for invoicing. Second, McCann worked Mondays, Thursdays and Fridays from 8:00 a.m. to 5:00 p.m. in the office answering phones, filing and assisting customers.

2

7. On or about McCANN's second or third day of work, another Defendant CINDERLITE employee – a driver named Guy Snyder, asked McCANN words to the effect of "whether she had had the pleasure of meeting Wes, yet." McCANN responded that she had not.

8. Not long after Guy Snyder's comments to McCANN, McCANN did meet "Wes," a driver for a third-party trucking company called Reno Rock Transport.

9. The first time McCANN met Wes, Wes did not sexually harass McCANN.

10. McCANN asked a different employee of Defendant CINDERLITE who went by "Walter," about Guy Snyder's comment about Wes, and Walter confirmed that Wes had a reputation for crude or sexually harassing behavior.

11. On or around Wednesday, September 18, 2019, Wes, came into the scale house around 3:00 p.m. near the end of McCANN's shift.

12. Wes asked McCANN if she had been getting her "pipes cleaned," which McCANN interpreted to mean having sex, stated that McCann should be having sex with him every morning, and then Wes proceeded grope McCANN's breasts from behind under the pretense of giving her a hug.

13. McCANN was shaken and stunned by Wes' actions, and as she tried to write out the weight ticket for Wes' material load, McCANN made errors in the calculations, which she tried to correct by crossing out incorrect calculations and making new entries on the weight ticket. McCANN was able to finish her shift, which ended about 30 minutes later, and she left for the day without reporting the incident because she was fearful about losing her job, having only worked for Defendant for a few weeks.

14. The next day, on or around Thursday, September 19, 2019, Jennifer Glanzmann ("Glanzmann"), president of Defendant CINDERLITE, was invoicing weight tags from the prior day and noticed the crossed-out information on McCANN's ticket from the day before.

15. Glanzmann asked Bob Roll ("Roll"), a manager for the yard to ask McCANN about the errors on the tag.

16. Roll asked McCANN about the ticket and she told Roll about the incident with Wes the prior day. After speaking to McCANN, Roll and Glanzmann met and decided to terminate

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

McCANN from the scale operator position and to assign McCANN's duties to another employee named Crystal.

17. McCANN was told the reason her scale house duties were being given to Crystal was because it was the slow season for construction, which reason was a pretext to mask Defendant CINDERLITE's retaliation against McCANN.

18. When McCANN reported to work the next day, on or around Friday, September 20, 2019, McCANN also filed a written complaint about the sexual harassment by Wes.

19. The termination of McCANN's scale house duties and position caused her to be demoted from full-time to part-time, as she would only be working three days per week in the office.

20. On or around Monday, September 23, 2020, McCANN spoke to Glanzmann in the office and objected to the removal of her scale house duties and position, and requested additional hours or that her scale house position be restored and that she not be subjected to further sexual harassment from Wes.

21. Janice Buckley, who is the Secretary and Treasurer for Defendant CINDERLITE and who is also Glanzmann's sister, overheard this conversation, came into the common area where McCANN and Glanzmann were speaking, and told McCANN to "leave the office or you know the consequences."

22. McCANN interpreted Buckley's edict to mean that McCANN would be terminated if she persisted in objecting to Defendant CINDERLITE's retaliation against her by the removal of her duties and demotion for reporting sexual harassment.

23. After Buckley stated this, McCANN left the work premises around lunchtime and e-mailed Glanzmann that she would return once prompt, appropriate and corrective action were taken by Defendant CINDERLITE to cure the hostile work environment the ensuing retaliatory demotion.

24. McCANN was constructively discharged on or around September 23, 2019.

25. On or after McCANN was constructively discharged, Defendant CINDERLITE, through its officers, managing agents and/or supervisors created false *Incident Reports* to state that McCANN had performance issues in the scale house in order to "paper" McCANN's personnel file and to create additional pretext to mask Defendant's retaliation against McCANN.

26. On or around September 23, 2019, McCANN timely submitted, or caused to be submitted a charge of unlawful discrimination the Equal Opportunity Commission ("EEOC") in EEOC Claim No. 550-2019-02075, which alleged violations of Title VII sexual harassment hostile work environment and retaliation.

27. On July 24, 2020, the EEOC issued a "right-to-sue letter" for the harassment and retaliation claims of this case, set forth in EEOC Claim No. 550-2019-02075 pursuant to 42 U.S.C. § 2000e-5(f), and McCANN timely filed the instant suit within ninety (90) days of the receipt of this "right-to-sue letter."

*FEDERAL CLAIMS*

V.

**FIRST CLAIM FOR RELIEF**
**SEXUAL HARASSMENT**

**(Title VII - 42 U.S.C. § 2000e-2 *et seq*.)**

28. McCANN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

29. McCANN is a person entitled to the protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2 *et seq.*

30. Defendant CINDERLITE is an employer having at least fifteen employees, which had a legal obligation, pursuant to Title VII, 42 U.S.C. § 2000e-2 *et seq.,* as amended, and its own internal policies, to maintain a workplace free from unlawful sexual harassment and hostile work environment.

31. McCANN was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant CINDERLITE and this conduct was based upon and directed at McCANN by reason of her gender.

32. McCANN notified Defendant CINDERLITE, which was otherwise aware, of the sexually harassing and discriminatory conduct of "Wes," but Defendant CINDERLITE filed to take any appropriate corrective action.

33. The conduct of "Wes" was open and obvious to other employees, including non-management and management, to include Bob Roll and others.

34. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with McCANN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

35. As a direct and proximate result of the harassing and hostile sexual environment of Defendant CINDERLITE, including through its employees and agents and third-parties, McCANN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which McCANN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

36. Defendant CINDERLITE's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of McCANN—including because Defendant summarily removed McCANN's duties, demoted her then constructively discharged McCANN and created false allegations of performance issues after she pursued her rights — warranting an award of punitive damages, to punish Defendant CINDERLITE, in an amount determined by a jury at trial, according to law.

37. As a result of such intentional, unlawful, and discriminatory conduct against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

38. As a result of such intentional, unlawful, and discriminatory conduct against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant CINDERLITE violated McCANN's rights.

## VI.

## SECOND CLAIM FOR RELIEF
## RETALIATION

**(Title VII - 42 U.S.C. § 2000e-3 *et seq*.)**

39. McCANN incorporates by reference all prior allegations of this *Complaint*, as though

6

fully set forth herein.

40. As alleged herein, Defendant CINDERLITE, by and through its officers, managing agents and/or its supervisors, illegally retaliated against McCANN by removing her duties and terminating her from the scale house position resulting in her demotion, constructively discharging her and subjecting her to false allegations of performance issues, solely because she had reported the aforementioned sex discrimination. Defendant CINDERLITE had no legitimate reasons for any such act. Each said act is in violation of the anti-retaliation provisions of 42 U.S.C. § 2000e-3 *et seq.*

41. As a direct and proximate result of the Defendant CINDERLITE, including through its employees and agents and third-parties, intentional discrimination and retaliation, McCANN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which McCANN is entitled to compensatory and equitable damages, in an amount to be proven at trial.

42. Defendant CINDERLITE's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of McCANN—including because Defendant summarily removed McCANN's duties, demoted her, constructively discharged and created false performance reports about McCANN after she pursued her rights — warranting an award of punitive damages, to punish Defendant CINDERLITE, in an amount determined by a jury at trial, according to law.

43. As a result of such intentional, unlawful, and discriminatory conduct against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

44. As a result of such intentional, unlawful, and discriminatory conduct and retaliation against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant CINDERLITE violated McCANN's rights.

. . .

The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, NV 89502
Phone 775-853-9455

*STATE CLAIMS*

VII.

**THIRD CLAIM FOR RELIEF**

**(NRS 613.330)**
**SEXUAL HARASSMENT**

45. McCANN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

46. McCANN is a person entitled to the protection under Nevada's anti-discrimination statute, NRS § 613.330 *et seq.*

47. Defendant CINDERLITE is an employer having at least fifteen employees, which had a legal obligation, pursuant to NRS 613.330, and its own internal policies, to maintain a workplace free from unlawful sexual harassment and hostile work environment.

48. McCANN was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant CINDERLITE and this conducted was based upon and directed at McCANN by reason of her gender.

49. McCANN notified Defendant CINDERLITE, which was otherwise aware, of the sexually harassing and discriminatory conduct of "Wes," but Defendant CINDERLITE filed to take any appropriate corrective action.

50. The conduct of "Wes" was open and obvious to other employees, including non-management and management, to include Bob Roll and others.

51. This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with McCANN's physical health and work performance, so as to create an intimidating, hostile and offensive working environment.

52. As a direct and proximate result of the harassing and hostile sexual environment of Defendant CINDERLITE, including through its employees and agents and third-parties, McCANN has suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment of life, for which McCANN is entitled to compensatory and equitable damages, in an amount to be

proven at trial.

53. Defendant CINDERLITE's conduct, including through its employees and agents, was willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and federally-protected rights of McCANN—including because Defendant summarily removed McCANN's duties, demoted her, constructively discharged her and subjected her to false allegations of performance issues after she pursued her rights — warranting an award of punitive damages, to punish Defendant CINDERLITE, in an amount determined by a jury at trial, according to law.

54. As a result of such intentional, unlawful, and discriminatory conduct against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN has had to retain the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

55. As a result of such intentional, unlawful, and discriminatory conduct against McCANN by Defendant CINDERLITE, including through its employees and agents, based on or motivated by McCANN's sex, McCANN is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant CINDERLITE violated McCANN's rights.

## VIII.

## FOURTH CLAIM FOR RELIEF

### (NRS 613.340)
### RETALIATION

56. McCANN incorporates by reference all prior allegations of this *Complaint*, as though fully set forth herein.

57. As alleged herein, Defendant CINDERLITE, by and through its officers, managing agents and/or its supervisors, illegally retaliated against McCANN by removing her duties and terminating her from the scale house position resulting in her demotion, subjecting her to false allegations of performance issues and constructively discharging her solely because she had reported the aforementioned sex discrimination. Defendant CINDERLITE had no legitimate reasons for any such act. Each said act is in violation of the anti-retaliation provisions of NRS 613.340.

58. As a direct and proximate result of the Defendant CINDERLITE, including through its

1  employees and agents and third-parties, intentional discrimination and retaliation, McCANN has
2  suffered, and continues to suffer, economic losses, including lost wages and benefits, back pay, front
3  pay, physical and emotional harm, including mental anguish, inconvenience, and the loss of enjoyment
4  of life, for which McCANN is entitled to compensatory and equitable damages, in an amount to be
5  proven at trial.

6  59.   Defendant CINDERLITE's conduct, including through its employees and agents, was
7  willful, malicious, and/or engaged in with a reckless indifference to the health, safety, wellbeing, and
8  federally-protected rights of McCANN—including because Defendant summarily removed
9  McCANN's duties, demoted her, constructively discharged and subjected her to false allegations of
10 performance issues after she pursued her rights — warranting an award of punitive damages, to punish
11 Defendant CINDERLITE, in an amount determined by a jury at trial, according to law.

12 60.   As a result of such intentional, unlawful, and discriminatory conduct against McCANN
13 by Defendant CINDERLITE, including through its employees and agents, McCANN has had to retain
14 the services of attorneys in this matter, and therefore, is entitled to, and seeks reimbursement for, her
15 attorneys' fees and costs, her expert-witness fees, and her court costs, in an amount to be proven at trial.

16 61.   As a result of such intentional, unlawful, and discriminatory conduct and retaliation
17 against McCANN by Defendant CINDERLITE, including through its employees and agents, McCANN
18 is entitled to, and seeks, declaratory relief, in the form of a declaration by this Court, that Defendant
19 CINDERLITE violated McCANN's rights.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, McCANN prays for judgment against Defendant CINDERLITE, as follows:

1. For equitable relief, including back pay and front pay;
2. For general, compensatory damages on all claims, in an amount to be proven at trial;
3. For special, compensatory damages on all claims, in an amount to be proven at trial;
4. For past and future compensatory damages, including incidental and consequential losses, incurred by reason of Defendant's acts, omissions, carelessness, negligence, deliberate indifference, and other culpable conduct described herein, in an amount to be

proven at trial;

5. For exemplary and punitive damages, as allowed by law;

6. For costs of the suit incurred herein;

7. For attorneys' fees, costs, and prejudgment interest, as allowed by law;

8. For experts' fees, costs as allowed by law, in an amount in an amount to be determined at trial;

9. For Declaratory relief, equitably determined by the Court at trial. Pursuant to 28 U.S.C. § 2201, Federal Rule of Civil Procedure 57, 42 U.S.C. §§ 2000e-5, NRS 30.070, NRS 30.100, NRS 613.333, and the Court's inherent equitable powers, McCANN seeks, and is entitled to have, declaratory relief awarded in his favor, to declare his rights and the obligations of Defendant CINDERLITE, which matters are now in controversy or dispute, where such declaratory relief is necessary and proper to the termination of the disputes raised herein, including as specifically prayed for below, including declaratory relief whereby the Court issues a declaration that Defendant CINDERLITE unlawfully discriminated against McCANN in violation of the Title VII and NRS 613.330, and otherwise violated McCANN's rights under federal law and state law, as alleged herein, and regarding the rights and obligations of the parties, relating to McCANN's employment and re-employment;

10. Based on the foregoing, McCANN has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.  This inadequacy is, in part, based on the fact that Defendant CINDERLITE are currently maintaining false and disparaging information about McCANN's work performance and tenure at Defendant CINDERLITE, which will be discovered by third parties, including prospective employers of McCANN, which will interfere with his ability to obtain employment, including re-employment at Defendant CINDERLITE.  As such McCANN is entitled to injunctive relief, including an injunction compelling Defendant:

(a) To remove false, adverse information contained in her personnel files relating to

the claims of this case;

(b) To provide only a "neutral" job reference concerning McCANN's tenure at Defendant CINDERLITE, to all inquiring prospective employers; and

(c) To reinstate McCANN's employment at CINDERLITE, if feasible and appropriate, with full pay and benefits, as if never terminated.

Considering the balance of hardships between Plaintiff and Defendant, a remedy in equity is warranted, and the public interest would not be disserved by issuance of such injunctive relief. McCANN herein seeks Injunctive relief, equitably determined by the Court at trial;

11. For such other relief as the Court may deem just and proper; and

12. Pursuant to the *Federal Rules of Civil Procedure*, Rule 38, Plaintiff demands a trial by jury on all issues triable by right of a jury.

Dated this 14th Day of October 2020.      THE GEDDES LAW FIRM, P.C.

KRISTEN R. GEDDES
Nevada Bar Number 9027
The Geddes Law Firm, P.C.
1575 Delucchi Lane, Suite 206
Reno, Nevada 89502
(775) 853-9455
*Attorneys for Plaintiff
Michelle McCann*